1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WAYDE LYNN KURT,                          No.  2:15-cv-1195-TLN-EFB P

12                      Petitioner,

13           v.                                FINDINGS AND RECOMMENDATIONS

14   PONCE,

15                      Respondent.

16

17          Petitioner is a federal prisoner proceeding without counsel on a petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the reasons stated below, the petition,

19   construed as a § 2255 motion, must be dismissed for lack of jurisdiction.

20          Petitioner is incarcerated at the Federal Correctional Institution in Herlong, California.  In

21   2012, he was sentenced by the United States District Court, Eastern District of Washington, to

22   120 months in prison for his conviction of being a felon in possession of a firearm, and to a

23   consecutive sentence of 36 months for his identity theft convictions.  *See* ECF No. 1 at 2; *see also*

24   *United States v. Kurt*, Case No. 2:10-cr-0114-WFN, (E.D. Wash.), ECF No. 178 (Judgment);

25   /////

26

27          [1] Petitioner did not respond to the court's order directing him to complete and return the
     form indicating either his consent to jurisdiction of the magistrate judge or request for
     reassignment to a district judge.  Accordingly, the clerk will be directed to randomly assign this
28   case to a district judge.

1    *United States v. Kurt*, Case No. 2:11-cr-0161-WFN-1, (E.D. Wash.), ECF No. 38 (Judgment).[2]

2    Thereafter, the district court denied petitioner's motions to vacate, set aside or correct his

3    sentence pursuant to 28 U.S.C. § 2255.  *See Kurt*, Case No. 2:10-cr-0114-WFN, ECF No. 213;

4    *Kurt*, Case No. 2:11-cr-0161-WFN-1, ECF No. 56.

5           Generally, a challenge to the legality of a petitioner's sentence should be brought under

6    § 2255 in the court in which the petitioner was sentenced, rather than under 28 U.S.C. § 2241 in

7    the court for the district in which the petitioner is confined.  *See Hernandez v. Campbell*, 204 F.3d

8    861, 864-65 (9th Cir. 2000) (per curiam) ("[T]o determine whether jurisdiction is proper, a

9    [federal] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255

10   before proceeding to any other issue.").  This general rule has one exception; the savings clause

11   of § 2255 (also known as the "escape hatch").  Under that clause, a federal prisoner may

12   challenge the legality of his sentence under § 2241 in the custodial court, so long as his remedy

13   under § 2255 is inadequate or ineffective to test the legality of his detention.  *Id.*; 28 U.S.C.

14   § 2255(e).  "[A] motion meets the escape hatch criteria of § 2255 when the petitioner (1) makes a

15   claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that

16   claim."[3]  *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation marks

17   omitted).

18          "To establish actual innocence, petitioner must demonstrate that, in light of all the

19   evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*

20   *v. United States*, 523 U.S. 614, 623 (1998) (citation and quotation marks omitted).  "'[A]ctual

21   innocence' means factual innocence, not mere legal insufficiency."  *Id.*  The Ninth Circuit has

22   clarified that "a purely legal claim has nothing to do with factual innocence [and thus,] is not a

23

---

24          [2] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*,
     803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

25

26          [3] "In determining whether a petitioner had an unobstructed procedural shot to pursue his
     claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had

27   exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way
     relevant to petitioner's claim after that first § 2255 motion."  *Harrison*, 519 F.3d at 960 (internal

28   citations and quotations omitted).

1   cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition

2   under the escape hatch." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012).

3       Here, petitioner does not allege that he did not commit the acts underlying his convictions.

4   Nor does he advance any evidence to prove his factual innocence of those convictions.  Instead,

5   petitioner argues that the trial judge secretly believed that petitioner had planned to kill the

6   President of the United States.  Petitioner claims he is actually innocent of such a plan, and that

7   the judge's belief caused him to be so biased that petitioner's trial "was structurally defective"

8   and his convictions "cannot stand."  ECF No. 1-1 at 6.  Petitioner essentially argues that he did

9   not receive a fair trial, and advances only a legal claim in this regard.  He does not make a factual

10  showing that he did not commit the offenses for which he was convicted.

11      For this reason, petitioner has not satisfied the savings clause of § 2255, and may not

12  proceed under § 2241.  The petition must be construed as another or successive § 2255 petition,

13  *see Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001), and must be dismissed for lack of

14  jurisdiction, *Harrison*, 519 F.3d at 957 (jurisdiction over a motion under § 2255 lies only in the

15  sentencing court).

16      Accordingly, it is hereby RECOMMENDED that this action be dismissed for lack of

17  jurisdiction.

18      These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20  after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23  shall be served and filed within fourteen days after service of the objections.  Failure to file

24  objections within the specified time may waive the right to appeal the District Court's order.

25  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

26  1991).  In his objections petitioner may address whether a certificate of appealability should issue

27  in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

28  /////

1   Section 2254 Cases in the United States District Courts (the district court must issue or deny a

2   certificate of appealability when it enters a final order adverse to the applicant).

3   DATED:  July 2, 2015.

4   _____
    EDMUND F. BRENNAN
5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28